**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KESTREL HOLDINGS I, L.L.C., and NORLEASE, INC., | ) ) ) |
| Plaintiffs, | ) **CIVIL ACTION** |
| v. | ) No. 06-1167-MLB ) |
| LEARJET INC., and BOMBARDIER INC., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiffs' motion to remand the case to the state system. (Doc. 10.) The motion has been fully briefed and is ripe for decision. (Docs. 11, 12, 13, 16, 21.) Plaintiffs' motion is GRANTED in part, and this case is remanded to state court, for reasons set forth herein; however, the motion is DENIED as to the request for costs and attorney's fees.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Kestrel Holdings I, L.L.C. (Kestrel) originally brought this case in federal court, where the matter was assigned to Judge Murguia. Those proceedings ended when Judge Murguia dismissed the case for lack of subject matter jurisdiction. Judge Murguia concluded that Norlease, Inc. (Norlease) was a real party in interest which had to be joined in order to properly adjudicate all the claims presented. Both Norlease and Learjet, Inc. (Learjet) are Delaware corporations; therefore, diversity was lacking and the case was dismissed. (Doc. 12.)

Kestrel and Norlease then joined together as plaintiffs and filed

the case in state court on June 13, 2005. (Doc. 1 at 1, exh. A.) Plaintiffs asserted breach of contract and fraud claims against Learjet and Bombardier, Inc. (Bombardier) arising out of plaintiffs' purchase of a business jet from defendants. Id. exh. A. The matter proceeded in the Eighteenth Judicial District for almost a year. Then, sometime in the spring of this year, Norlease sold the airplane that was at the center of the controversy. (Doc. 11 at 4.) Defendants concluded that the sale of the aircraft rendered Norlease a nominal party, with no real claim for damages. (Doc. 16 at 2.) Accordingly, they removed the case on the basis of diversity jurisdiction. The notice of removal was filed on June 12, 2006, the very last day before running of the one-year limitations period for removing diversity cases. 28 U.S.C. § 1446(b).

Plaintiffs moved to remand the case, claiming that the notice of removal was untimely and that subject matter jurisdiction was lacking. Defendants countered that they removed the case within 30 days of learning that it had first become removable; thus, removal was timely. They also argued that Norlease should no longer be considered a party to the case, a conclusion that would result in complete diversity between the parties. (Docs 10, 11, 16.)

**II. ANALYSIS**

A. Motion to Remand

An action originally filed in state court may be removed to federal court if, inter alia, there is a basis for federal subject matter jurisdiction. 28 U.S.C. § 1441(a), (b). Conversely, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

§ 1447(c).

Federal courts are courts of limited jurisdiction, United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982). If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect. See Hart v. Terminex Int'l, 336 F.3d 541, 542 (7th Cir. 2003). The removing party has the burden to prove the existence of subject matter jurisdiction. Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). All doubts concerning removability are to be resolved against removal and in favor of remanding cases to state courts. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

As an initial matter, the court is perplexed as to why plaintiffs would so vehemently oppose removal, yet fail to make the most obvious argument in their favor. If any defendant is a citizen of the forum state, the case is not removable. 28 U.S.C. § 1441(b). For purposes of both 28 U.S.C. sections 1332 and 1441, a corporate defendant is a citizen of both its state of incorporation and the state in which it keeps it principal place of business. 28 U.S.C. § 1332(c)(1). Defendants concede in their notice of removal that Learjet has its principal place of business in Kansas. (Doc. 1 at 2.) Accordingly, had plaintiffs moved to remand because Learjet's presence as a citizen of the forum state rendered the case unremovable, this matter could have been decided in about two paragraphs.

-3-

For reasons that shall remain a mystery, plaintiffs declined to raise that argument. Although the Eighth Circuit has found that such a defect in removal is jurisdictional, every other circuit to consider the matter (and most importantly, the Tenth Circuit) has concluded that a defect of this nature is procedural, and therefore subject to waiver if not raised by a plaintiff within the 30-day period prescribed by 28 U.S.C. § 1447(c). Compare American Oil Co. v. McMullin, 433 F.2d 1091, 1093 (10th Cir. 1970) (improper removal is procedural defect subject to waiver where one or more defendants is a citizen of forum state) and Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) (same; collecting cases) with Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145 (8th Cir. 1992) (improper removal is jurisdictional defect where one or more defendants is a citizen of the forum state). Moreover, a district court lacks statutory authority to raise a procedural defect sua sponte.[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317 (11th Cir. 2001); In re FMC Corp. Packaging Sys. Div., 208 F.3d 445 (3d Cir. 2000); Page v. City of Southfield, 45 F.3d 128 (6th Cir. 1995); In re Cont'l. Cas. Co., 29 F.3d 292 (7th Cir. 1994); In re Allstate Ins., 8 F.3d 219 (5th Cir. 1993). Therefore, the court assumes that this argument, having never been raised by plaintiffs, has been waived.

Turning to the dispositive matter in this case, the court

---

[1] The court declines to wade alone into the thicket of whether plaintiffs' motion to remand on some procedural grounds might invest the court with authority to remand on a different procedural ground.

concludes that it lacks subject matter jurisdiction.  All the parties agree that if Norlease is properly joined as a plaintiff, diversity is lacking because Norlease and Learjet are both corporate citizens of Delaware.  (Docs. 10 at 1; 16 at 2.)  Defendants claim that Norlease, having sold the disputed aircraft, has no damages and no other possible bases for relief.  (Doc. 16 at 2.)  Unfortunately, defendants failed to provide any proof of that assertion.  Instead, defendants merely assert that plaintiffs' attorneys conceded during telephone conversations that, as a result of having sold the plane, Norlease had no damages.  Id. at 5.  While Norlease admits that its counsel informed defense counsel of the sale of the airplane, Norlease adamantly disputes the contention that it has no damages.  Norlease likewise disputes that its counsel ever told defense counsel anything to the contrary.  (Doc. 21 at 2.)

Rather than using the time between removal and responding to this motion to gather evidence that might support their theories for removal, defendants chose to present nothing of evidentiary value in their response.  Instead, they ask the court to delay ruling on this motion while giving defendants leave to conduct discovery regarding the existence of subject matter jurisdiction.  (Docs. 17, 18.) However, defendants cite no authority for the proposition that they are entitled to delay these proceedings in order to conduct discovery, nor has the court found any.[2]  Such a delay runs contrary to the

---

[2] Defendants cite Federal Rule of Civil Procedure 26 and related case law for the general proposition that discovery is permissible on issues related to jurisdiction; however, the cited cases were originally filed in federal court, not removed from state court. (Doc. 18 at 3.)  The court finds that, even if limited discovery were permissible, further delay is not warranted.  Defendants' theories

principle that questions regarding the propriety of removal should be resolved expeditiously so as not to further protract the litigation and burden the parties. F.D.I.C. v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992); Chandler v. O'Bryan, 445 F.2d 1045, 1057 (10th Cir. 1971).

As previously noted, it is defendants' burden to establish the existence of subject matter jurisdiction. Karnes, 335 F.3d at 1194. Jurisdiction must be proved by a preponderance of the evidence. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). Even if the court credited the unsupported allegations in defendants' brief as being based on statements made directly to defense counsel, and therefore bearing some evidentiary value, those allegations have been unequivocally controverted by statements from plaintiffs' counsel, which would be entitled to equal consideration. Given the strong presumption against removal, and the command to resolve all doubts in favor of remand, Fajen, 683 F.2d at 333, combined with defendants' burden of proof, these facts compel the finding that Norlease has not conceded its claims for damages.

Indeed, a review of the state court petition shows that, in addition to claims seeking cancellation of the contract and revocation of Norlease's acceptance of the aircraft, Norlease also claims for damages for any losses or other expenses incurred from the resale of the plane. (Doc. 1 exh. A at 29-32.) Defendants have consistently maintained that Norlease was the true owner of the aircraft. Accordingly, unless the sale of this allegedly defective aircraft resulted in a full recovery of the contract price, plus all Norlease's

---

about Norlease's claims are nothing but conjecture.

costs and expenses of storing, maintaining, and selling the plane, Norlease still has a viable claim for damages on this theory. Moreover, Norlease also has fraud claims against defendants that would not appear to be affected by the sale of the plane.

Defendants have put forth no evidence to substantiate the unlikely conclusion that Norlease broke even or made a windfall off the sale of the jet, nor that such an event would eviscerate the related fraud claims. Thus, they have failed to meet their burden to prove that Norlease is not a proper party to this case.[3] Since Norlease and Learjet are both citizens of Delaware, complete diversity is lacking, and the court has no subject matter jurisdiction to hear this case. Pursuant to 28 U.S.C. § 1447(c), plaintiffs' motion to remand is GRANTED, and the clerk is directed to remand this case to state court forthwith.

C. Costs and Attorney's Fees

In addition to their request for remand, plaintiffs also ask the court to award them costs and attorneys' fees for the work necessary to prepare and defend the motion to remand. (Doc. 10 at 1.) "An

---

[3] Indeed, defendants are, in essence, seeking partial summary judgment against Norlease. Defendants ask the court to rule that Norlease can put forth no evidence that would entitle it to relief. Certainly such a broad ruling on the merits of the case should not be entertained during the pendency of a motion to remand without a credible allegation that Norlease was fraudulently joined to defeat diversity. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) ("While we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction, we have also endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims." (Citation omitted).). Defendants concede, as they must in light of the position they took before Judge Murguia, that Norlease was a real party in interest when the state case was filed. Thus, there was no fraudulent joinder.

order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). When a case is improperly removed,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., 546 U.S. 132, ___, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). By contrast, a court need not find that defendants acted in bad faith in order to support an award of costs and fees. Martin v. Franklin Capital Corp., 393 F.3d 1143, 1146 (10th Cir. 2004).

The court finds that, while defendants failed to meet their burden to prove diversity jurisdiction by a preponderance of the evidence, their theory of removal was not unreasonable. They received notice of what they thought might be a basis for removal within days of the one year limitation on removal. Unfortunately, in the time between filing their notice of removal and the time at which they filed their responsive brief to this motion, defendants failed to develop an evidentiary basis from which they could meet their burden to prove subject matter jurisdiction. Moreover, had plaintiffs moved to remand based on Learjet's Kansas citizenship, they could not have reasonably claimed more than about half an hour in fees. For all these reasons, the motion for costs and fees is DENIED.

IT IS SO ORDERED.

Dated this __9th__ day of November 2006, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE